# In the United States Court of Federal Claims
## OFFICE OF SPECIAL MASTERS

* * * * * * * * * * * * * * * * * * * * * * * *
| | |
|---|---|
| KELSEY AND RYAN JARANILLA, * <br> on behalf of their minor daughter BJ, * <br>   * <br> Petitioners, * <br>   * <br> v. * <br>   * <br>   * <br> SECRETARY OF HEALTH * <br> AND HUMAN SERVICES, * <br>   * <br> Respondent. * | No. 22-428V <br><br> Special Master Christian J. Moran <br><br><br> Filed: February 4, 2025 |

* * * * * * * * * * * * * * * * * * * * * * * *

<u>Michael Avrim Firestone</u>, Marving Firestone, MD, JD and Associates, San Mateo, CA, for petitioner;
<u>Lauren Kells</u>, United States Dep't of Justice, Washington, DC, for respondent.

### **UNPUBLISHED DECISION DENYING COMPENSATION**[1]

      Kelsey and Ryan Jaranilla ("petitioners") alleged that the diphtheria and tetanus toxoids and aceullular pertussis adsorbed vaccine, inactivated poliovirus and haemophilus b conjugate (tetanus toxoid conjugate) vaccine, hepatitis B vaccine, pneumococcus vaccine, and/or rotavirus vaccine their child B.J. received on July 27, 2020 caused B.J. to suffer from encephalopathy and cerebral palsy. On January 30, 2025, petitioners moved for a decision dismissing their petition.

---

[1] Because this decision contains a reasoned explanation for the action taken in this case, it must be made publicly accessible and will be posted on the United States Court of Federal Claims' website, and/or at https://www.govinfo.gov/app/collection/uscourts/national/cofc, in accordance with the E-Government Act of 2002. 44 U.S.C. § 3501 note (2018) (Federal Management and Promotion of Electronic Government Services). This means the decision will be available to anyone with access to the internet. In accordance with Vaccine Rule 18(b), the parties have 14 days to identify and move to redact medical or other information, the disclosure of which would constitute an unwarranted invasion of privacy. Any changes will appear in the document posted on the website.

I. **Procedural History**

Petitioners filed a petition for compensation on April 12, 2022, alleging that the diphtheria and tetanus toxoids and aceullular pertussis adsorbed vaccine, inactivated poliovirus and haemophilus b conjugate (tetanus toxoid conjugate) vaccine, hepatitis B vaccine, pneumococcus vaccine, and/or rotavirus vaccine their child B.J. received on July 27, 2020 caused B.J. to suffer from encephalopathy and cerebral palsy 16 days later. Pet. at 1-3. They filed medical records and affidavits over the next few months.

The Secretary filed his Rule 4(c) report on October 21, 2022, contesting entitlement. The Secretary argued that petitioners had not provided preponderant evidence satisfying any of the Althen prongs between B.J.'s condition and any of the vaccines. Resp't's Rep. at 10-11. Further, the Secretary noted that petitioners had not submitted an expert report in support of their claim, and that none of B.J.'s treating doctors opined that the vaccines caused her condition. Id. at 10.

On September 23, 2024, petitioners filed an expert report from Dr. Dmitriy Niyazov, a board-certified medical geneticist. Exhibit 34. Dr. Niyazov opined that the recent findings on the Whole Genome Sequencing point to a potential genetic diagnosis of primary coenzyme Q10 deficiency-4 (COQ10D4). Id. at 1. Dr. Niyazov stated that RNA testing could prove invaluable in finding a rare cause of B.J.'s condition and could explain a role of the vaccines in B.J.'s condition. Id. at 2. Dr. Niyazov cited one article regarding primary coenzyme Q10 deficiency. Id.

The undersigned issued an order for petitioners to file a status report regarding B.J.'s RNA sequencing results. Order, issued Sept. 25, 2024. On December 20, 2024, petitioners filed B.J.'s RNA sequencing results. On the same day, petitioners filed a status report indicating the results of B.J.'s RNA testing were reported as negative. Pet'rs' Status Rep., filed Dec. 20, 2024, at 2.

II. **Analysis**

To receive compensation under the National Vaccine Injury Compensation Program ("Program"), a petitioner must prove either 1) that the vaccinee suffered a "Table Injury"—i.e., an injury falling within the Vaccine Injury Table— corresponding to one of the vaccinations, or 2) that the vaccinee suffered an injury that was actually caused by a vaccine. See §§ 300aa-13(a)(1)(A) and 300aa-

11(c)(1).  Under the Act, a petitioner may not be given a Program award based solely on the petitioner's claims alone.  Rather, the petition must be supported by either medical records or by the opinion of a competent physician.  § 300aa-13(a)(1).

In this case, petitioners filed medical records, affidavits, and an expert report.  Nonetheless, petitioners wish to have their claim dismissed and judgment entered against them.  Petitioners filed their dismissal pursuant to Vaccine Rule 21(b).  Pet'rs' Mot., filed Jan. 30, 2025 at 1.

To conform to section 12(d)(3), a decision must "include findings of fact and conclusions of law."  For causation-in-fact cases, the Federal Circuit has defined elements of a petitioner's claim.  Petitioners bear a burden to show by a preponderance of the evidence that the vaccination brought about their injury by providing:

(1) a medical theory causally connecting the vaccination and the injury;
(2) a logical sequence of cause and effect showing that the vaccination was the reason for the injury; and
(3) a showing of a proximate temporal relationship between vaccination and injury.

Althen v. Sec'y of Health & Hum. Servs., 418 F.3d 1274, 1278 (Fed. Cir. 2005).

Petitioners did not propose a medical theory casually connecting the vaccinations with the injury.  Petitioners stated that after "an exhaustive investigation of the facts and science surrounding this case has led [p]etitioners to conclude that they cannot meet their burden of proof to demonstrate entitlement to compensation."  Pet'rs' Mot., filed Jan. 30, 2025 at 1.  Petitioners have therefore not met their burden under Althen.

**Thus, the Motion for Decision is GRANTED and this case is DISMISSED WITH PREJUDICE for insufficient proof.  The Clerk shall enter judgment accordingly.**  See Vaccine Rule 21(b).

**IT IS SO ORDERED**.

s/Christian J. Moran
Christian J. Moran
Special Master
