# In the United States Court of Federal Claims

OFFICE OF SPECIAL MASTERS

| | | |
|---|---|---|
| KELSEY AND RYAN JARANILLA, on behalf of their minor daughter BJ, | * | No. 22-428V |
| Petitioners, | * | Special Master Christian J. Moran |
| v. | * | Filed: September 21, 2026 |
| SECRETARY OF HEALTH AND HUMAN SERVICES, | * | |
| Respondent. | * | |

Michael Avrim Firestone, Marvin Firestone, MD, JD and Associates, San Mateo, CA, for petitioner;
Lauren Kells, United States Dep't of Justice, Washington, DC, for respondent.

**PUBLISHED ORDER DENYING MOTION FOR RECONSIDERATION**[1]

Kelsey and Ryan Jaranilla ("petitioners" or "Mr. and Ms. Jaranilla") were found not eligible for a discretionary award of attorneys' fees and costs because they did not establish reasonable basis to support the claim that various childhood vaccines caused their daughter, B.J., to suffer from encephalopathy and cerebral palsy. Fees Decision, issued Aug. 26, 2026. Mr. and Ms. Jaranilla seek reconsideration of that decision. Because they have not met the standards for reconsideration, their motion is denied.

**Standards for Adjudication**

Although Mr. and Ms. Jaranilla title their document "motion for reconsideration," the motion provides little guidance about the rules surrounding these motions. Special masters may

[1] Because this order contains a reasoned explanation for the action taken in this case, it must be made publicly accessible and will be posted on the United States Court of Federal Claims' website, and/or at https://www.govinfo.gov/app/collection/uscourts/national/cofc, in accordance with the E-Government Act of 2002. 44 U.S.C. § 3501 note (2018) (Federal Management and Promotion of Electronic Government Services). This means the order will be available to anyone with access to the internet. In accordance with Vaccine Rule 18(b), the parties have 14 days to identify and move to redact medical or other information, the disclosure of which would constitute an unwarranted invasion of privacy. Any changes will appear in the document posted on the website.

grant motions for reconsideration "in the interest of justice." Vaccine Rule 10(e)(3). Motions for reconsideration are not intended to serve as vehicles for the submission of evidence or arguments that could have been presented earlier. See Biery v. United States, 818 F.3d 704, 711 (Fed. Cir. 2016) (interpreting Rule 59(a)(1) of the Court of Federal Claims); Golden Bridge Technology, Inc. v. Apple, Inc., 758 F.3d 1362, 1369 (Fed. Cir. 2014) (following Third Circuit law); Cedillo v. Sec'y of Health & Human Servs., 617 F.3d 1328, 1348 (Fed. Cir. 2010).

## Background and Basis for Pending Motion

Mr. and Ms. Jaranilla's claim that the childhood vaccines harmed B.J. was dismissed. The basis for dismissal was that they failed to present a medical theory causally connecting the vaccinations with the injury. Entitlement Decision, filed Feb. 4, 2025, 2025 WL 604404, at *2, citing Althen v. Sec'y of Health & Hum. Servs., 418 F.3d 1274, 1278 (Fed. Cir. 2005).

Mr. and Ms. Jaranilla requested an award of attorneys' fees and costs, including costs they incurred personally. They maintained that reasonable basis and good faith support the claim. Pet'rs' Fees Mot., filed Aug. 4, 2025, at 3. For reasonable basis, the basic argument is: "Petitioners[] and their counsel pursued the claim based on both clinical facts and expert medical support. Petitioners [sic, missing word might be "retained"] two multiple highly credentialed experts to investigate a plausible theory of vaccine-induced injury." Id. They elaborated that "Dr. Niyazov provided a medical opinion suggesting a plausible genetic predisposition (COQ8A-associated mitochondrial dysfunction) that could have been exacerbated by vaccination. He recommended additional testing that formed the basis of continued investigation (see Ex. 20, 34)." Id. at 4.

The Secretary opposed an award of any attorneys' fees and costs. He argued that the evidence falls short of the reasonable basis standard. Resp't's Resp., filed Sep. 5, 2025, at 12. In the Secretary's view, there was insufficient evidence to satisfy the reasonable basis standard when the petition was filed and additional evidence did not cure this deficiency.

Mr. and Ms. Jaranilla maintained that they satisfied the reasonable basis standard. They emphasized their investigation of multiple causes for B.J.'s condition. Pet'rs' Reply, filed Sep. 19, 2025. Part of their argument included the presentation of information, emails between their attorney and a potential expert, that had not been filed into the case.

Mr. and Ms. Jaranilla were found to have not met the reasonable basis standard, which is less than a preponderance of the evidence standard. The Fees Decision considered all arguments they had advanced, including arguments that were raised for the first time in reply. Because they were not entitled to attorneys' fees and costs, petitioners' counsel was ordered to return $3,000.00 he had collected from Mr. and Ms. Jaranilla.

They seek reconsideration of the decision. Pet'r's Mot. for Recon., filed Sep. 1, 2026. The primary argument is that they should be found to have reasonable basis because of various

statements from treating doctors. They also argue that counsel should not have to refund $3,000.00 collected from Mr. and Ms. Jaranilla.

## Analysis

Mr. and Ms. Jaranilla have not established that reconsideration is appropriate. To their credit, they forthrightly acknowledge that they had not cited any medical records as supporting reasonable basis. Pet'r's Mot. for Reconsid. at 2. Yet, now, they seek reconsideration based upon arguments that were available to them in the first place.

The need for finality seems especially acute in the context of attorneys' fees, which "should not result in a second major litigation." Hensley v. Eckerhart, 461 U.S. 424, 437 (1983). To avoid extensive litigation over fees, Vaccine Rule 13(a)(1) requires the presentation of material supporting the fee request in the motion. "Petitioner[s] must include any and all materials necessary to substantiate the request. . . . Failure to include complete documentation in support of the request may result in the denial, or reduction in amount, of an attorney's fees and costs award." Even outside the context of disputes over attorneys' fees, motions for reconsideration are not intended to allow for second opportunities. See Senza-Gel Corp. v. Seiffhart, 803 F.2d 661, 663-64 (Fed. Cir. 1986) (noting a district court recognized that "a motion for reconsideration is not a chance at a second bite").

In addition, it is not readily apparent that evaluating the statements from treating doctors identified for the first time in the pending motion for reconsideration would lead to a different result. They argue that the newly cited material "taken as a whole, amounts to more than a mere scintilla and is sufficient to establish a reasonable basis for the claim set forth in the petition." Pet'rs' Mot. for Reconsid. at 6-7. However, according to the Court of Federal Claims, the finding of a scintilla does not mandate a finding of reasonable basis. Cottingham v. Sec'y of Health & Hum. Servs., 159 Fed. Cl. 328, 336 (2022) (denying motion for review of decision not to award attorneys' fees and costs), aff'd without op., 2023 WL 7545047 (Fed. Cir. 2023). In this regard, it seems notable that none of the newly identified statements appear to help petitioners with the third prong of Althen.

Finally, the motion for reconsideration refers to the requirement for counsel to refund the $3,000.00 collected from Mr. and Ms. Jaranilla. Pet'rs' Mot. for Reconsid. at 7-9. The Fees Decision stated that their attorney had collected $3,000.00 from them.

The Motion for Reconsideration states that this amount was a retainer for an expert. This information is not new. As the motion for reconsideration states, this information was presented in the original fee request.

However, pursuant to Beck v. Sec'y of Health & Hum. Servs., 924 F.2d 1029, 1032 (Fed. Cir. 1991), the phrase "fee for services" includes items such as "filing fees [and] expert witness reimbursement." Thus, the fact that the attorney for Mr. and Ms. Jaranilla did not charge a fee is not material. The $3,000.00 collected from Mr. and Ms. Jaranilla was for "expert witness

reimbursement." Because this amount exceeds what the attorney may charge, the attorney must reimburse it.

## Conclusion

1. The motion for reconsideration, filed Sep. 1, 2026, is DENIED.

2. The Clerk's Office is instructed to enter judgment in accord with the August 26, 2026 decision unless a motion for review is filed.[2]

3. By **Tuesday, October 13, 2026**, Mr. and Ms. Jaranilla's attorney is ORDERED to file a status report, confirming he has reimbursed Mr. and Ms. Jaranilla with the $3,000.00, which he collected from them excessively.

**IT IS SO ORDERED**.

s/Christian J. Moran
Christian J. Moran
Special Master

[2] As Mr. and Ms. Jaranilla acknowledge (Pet'rs' Mot. for Reconsid. at 1), the submission of the motion for reconsideration does not extend the time for filing a motion for review. Vaccine Rule 10(e)(3)(B).